Slip Op. 14-90

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JBF RAK LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>    and<br><br>MITSUBISHI POLYESTER FILM, INC.,<br>DUPONT TEIJIN FILMS and SKC, INC.,<br>TORAY PLASTICS (AMERICA), INC.,<br><br>        Defendant-Intervenors. | Before: Judith M. Barzilay, Senior Judge<br><br>Court No. 12-00099 |

**OPINION**

[Defendant's motion to dismiss granted.]

July 30, 2014

*Jack D. Mlawski* and *John J. Galvin*, Galvin & Mlawski, for Plaintiff.

*Stuart F. Delery*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, (*David F. D'Alessandris*), Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of counsel, *Justin R. Becker* and *Shana A. Hofstetter*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

*Ronald I. Meltzer*, *Patrick J. McLain*, *David M. Horn*, and *Jeffrey I. Kessler*, Wilmer Cutler Pickering Hale and Dorr LLP, for Defendant-Intervenors.

      BARZILAY, Senior Judge:  Before the court is Plaintiff JBF RAK LLC's ("JBF RAK") motion for judgment on the agency record under USCIT Rule 56.2, challenging Defendant U.S.

Department of Commerce's ("Commerce") final results of the administrative review covering polyethylene terephthalate film ("PET Film") from United Arab Emirates for the November 1, 2009 through October 31, 2010 period of review. *See Polyethylene Terephthalate Film, Sheet, and Strip From the United Arab Emirates*, 77 Fed. Reg. 20,357 (Dep't Commerce Apr. 4, 2012) (final results) ("*Final Results*"); *see also Issues and Decision Memorandum for Polyethylene Terephthalate Film, Sheet, and Strip from the United Arab Emirates*, A-520-803 (Mar. 29, 2012), *available at* http://enforcement.trade.gov/frn/summary/UAE/2012-8108-1.pdf (last visited July 30, 2014).  JBF RAK claims that Commerce erred by applying its zeroing methodology in the context of an administrative review. JBF RAK Br. 6.  JBF RAK claims that the Federal Circuit's decision in *Union Steel v. United States*, 713 F.3d 1101 (Fed. Cir. 2013) is contrary to *Dongbu Steel Co. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011) and *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011). JBF RAK Br. 8.  Commerce, in turn, has filed a motion to dismiss for failure to state a claim upon which relief may be granted under USCIT Rule 12(b)(5). Def. Br. 4.  The court has jurisdiction under 28 U.S.C. § 1581(c).  Commerce's determinations, findings, and conclusions will be upheld unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

      The Federal Circuit's decision in *Union Steel* has settled this issue.  In *Union Steel*, the Federal Circuit sustained Commerce's explanation for applying its zeroing methodology in administrative reviews (and not in investigations). *See Union Steel*, 713 F.3d at 1107-1111. "Commerce explained that its differing applications of zeroing are due to the contextual differences between antidumping investigations and administrative reviews, as well as Commerce's discretion to take necessary and statutorily permitted measures to meet international obligations." *Tianjin Wanhaua Co. v. United States*, 38 CIT __, __, 961 F. Supp. 2d 1335, 1336

(2014) ("*Tianjin*") (citing *Union Steel*, 713 F. 3d at 1108-10).  Commerce, therefore, may lawfully apply its zeroing methodology in administrative reviews.  Although JBF RAK attempts to characterize *Union Steel* as having "misapprehended" zeroing, JBF RAK Br. 4, 9-10, it is nevertheless binding authority on the issue presented here concerning Commerce's application of zeroing in the context of a review.  JBF RAK, moreover, has failed to distinguish this case from *Union Steel* in a manner that might justify reaching the merits.  Commerce, for its part, has provided an explanation of its zeroing policy in this case that is consistent with the explanation provided in *Union Steel*. *See Issues and Decision Memorandum* at 2-10.  In the court's view, JBF RAK is attempting to litigate an issue that has already been settled by the Federal Circuit. *See Tianjin*, 961 F. Supp. 2d at 1336.  Accordingly, JBF RAK has failed to state a claim upon which relief can be granted. *See* USCIT R. 12(b)(5).  Judgment will be entered accordingly.


Dated:  July 30, 2014                                                                  /s/ Judith M. Barzilay
            New York, New York                                                   Judith M. Barzilay, Senior Judge